## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

        Plaintiff,

                                        No. 2:11-cr-20394

vs.                                  Hon. Gerald E. Rosen

**D-7 MAURICE CURRY**,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO OBTAIN SENTENCING/PLEA HEARING TRANSCRIPTS

On June 25, 2012, this Court accepted a Rule 11 Plea Agreement related to Defendant Maurice Curry's involvement in trafficking narcotics in Detroit from April 2009 through June 2011. (Dkt. # 126). As applicable here, Defendant's Plea Agreement provided that "the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range" -- 262 to 327 months. (*Id.* at ¶¶ 2B, 3A). The Plea Agreement also specifically noted that "the Court must impose a sentence of imprisonment . . . of at least 10 years." (*Id.* at ¶ 3A). At sentencing on September 27, 2012, this Court substantially departed from the sentencing guideline range and imposed a sentence of 168 months of incarceration. (Dkt. # 155, at 2).

Presently before this Court is Defendant's *pro se* Motion to Obtain Sentencing/Plea Hearing Transcripts. (Dkt. # 165). According to Defendant, he requires free copies of these transcripts in order to properly submit a motion under 28 U.S.C. § 2255 for ineffective assistance of counsel. (*Id.* at 1). Defendant claims that "counsel promised in court that as long as he agreed to the Plea Agreement," the Court would substantially depart from the sentencing guidelines. (*Id.*). Defendant's Motion is without merit.

"[A]n indigent prisoner is not entitled to a free transcript for the sole purpose of framing a motion under Section 2255." *Lucas v. United States*, 423 F.2d 683, 684 (6th Cir. 1970); *Bentley v. United States,* 431 F.2d 250, 254 (6th Cir.1970) (similar); *Rickard v. Burton*, 2 F. App'x 469, 470 (6th Cir. 2001) (similar). Rather, "[u]nder 28 U.S.C. § 753(f), the United States shall pay the fees for transcripts provided to an individual with pauper status if the trial judge or circuit judge certifies that the appeal is not frivolous, but presents a substantial question. Conclusory allegations in support of a request for free transcripts do not satisfy these requirements. *Amadasu v. Mercy Franciscan Hosp.*, 515 F.3d 528, 530 (6th Cir. 2008) (internal citation omitted). Accordingly, Defendant must satisfy two conditions to receive a free transcript. *United States v. Chambers,* 788 F. Supp. 334, 338 (E.D. Mich. 1992). First, he must be certified to proceed in forma pauperis under 28 U.S.C. § 1915. *Id.* Second, he must submit a motion for a free

transcript setting forth specific factual allegations in support of his forthcoming §

2255 motion.  *Id.*   The Court, in turn, will examine this motion to determine

whether it is frivolous and whether the requested transcripts are needed to decide

the issues to be raised in the § 2255 motion.  It will then decide whether or not to

grant the motion for a free transcript.  *Id.*

Defendant has not satisfied either of these conditions.  First, Defendant has

not submitted an Application to Proceed In Forma Pauperis.  Second, even if

Defendant had submitted such an application, his Motion is frivolous.  Defendant

*received* a substantial departure from the sentencing guidelines.    Indeed,

Defendant's 168 months of incarceration is *94 months lower* than the bottom end

of the sentencing guidelines.

For all of the foregoing reasons,

IT   IS   HEREBY   ORDERED   that   Defendant's   Motion   to   Obtain

Sentencing/Plea Hearing Transcripts [Dkt. # 165] is DENIED.

**IT IS SO ORDERED.**


Dated:          January 13, 2014          s/Gerald E. Rosen_____
                                          GERALD E. ROSEN
                                          CHIEF, U.S. DISTRICT COURT

I hereby certify that a copy of the foregoing document was mailed to the attorneys
of record on this date, January 13, 2014, by electronic and/or ordinary mail.

                                          s/Julie Owens_____
                                          Case Manager, 313-234-5135